IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

GINA M. LEON-PEREZ,

        Plaintiff,

vs.                        Case No. 06-4093-RDR

RAILWORKS TRACK SYSTEMS, INC.;
TANGENT RAIL SERVICES, INC.;
RAILWORKS TRACK SYSTEMS, INC.,
their Predecessors, Successors,
Assigns and Anyone Who Employed
Plaintiff and Fired Her on or
About August 19, 2004.

        Defendants.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). The defendants contend that the court lacks subject matter jurisdiction here. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In her complaint, plaintiff alleges that she was wrongfully terminated by the defendants. She asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and a state law retaliatory discharge claim. In their motion, defendants contend that the court lacks subject matter jurisdiction because federal question and diversity jurisdiction are not present. The defendants initially point out that federal question jurisdiction is lacking under Title VII because the EEOC has not issued a right

to sue letter to plaintiff.  The defendants then note that diversity jurisdiction is also lacking because plaintiff and defendant Tangent Rail Services, Inc. are Kansas citizens.

The law is clear on both of the arguments raised by the defendants.  "[A] discrimination claim may not be filed in federal court before administrative remedies have been exhausted."  Brown v. Hartshorne Public School Dist. No. 1, 864 F.2d 680, 682 (10th Cir. 1988).  "Under Title VII, a plaintiff must obtain a right to sue letter from the EEOC as a prerequisite to suit."  Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1310 (10th Cir. 2005).

There is no dispute that plaintiff has not received a right to sue letter here.  Plaintiff initially suggests, based upon Walker v. United Parcel Service, Inc., 240 F.3d 1268 (10th Cir. 2001), that she has taken the necessary steps to exhaust her administrative remedies and, thus, she should be allowed to proceed, even though a right to sue letter has not been issued.  In the alternative, she requests that the court issue a stay of these proceedings until a right to sue letter is issued.

The court is not persuaded that Walker requires a ruling in plaintiff's favor.  In Walker, plaintiff requested an early right to sue letter from the EEOC and received it.  The EEOC, however, failed to provide a certificate, as required by their regulations, stating that it would be unable to complete its administrative processing within 180 days.  Because the certificate was not

2

attached, the district court dismissed plaintiff's Title VII claim. The Tenth Circuit reversed, holding that the district court erred in dismissing plaintiff's Title VII claim because of the EEOC's administrative oversight. <u>Walker</u>, 240 F.3d at 1272-73. Here, the circumstances are different because there is no indication from plaintiff that she has requested an early right to sue letter. Moreover, there is no information that the EEOC has issued a right to sue letter, with or without the certification. Accordingly, based upon the lack of a right to sue letter, the court must dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction.

The court must also dismiss this action due to lack of diversity jurisdiction. Plaintiff has acknowledged that complete diversity among the parties is lacking. Plaintiff, however, attempts to rationalize the lack of subject matter jurisdiction by stating that she "named a domestic defendant out of an overabundance of caution." She essentially asserts that she is unclear who the actual defendant should be in this case. As correctly pointed out by the defendants, plaintiff's reason for naming a non-diverse party is irrelevant. Based upon the present pleadings, the court has no choice but to dismiss for lack of subject matter jurisdiction.

Without subject matter jurisdiction, the court shall not stay this action as requested by plaintiff.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 8) be hereby granted. This case is hereby dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2007 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge